UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE FRANCO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN DIEGO, a municipality;<br>SAN DIEGO POLICE DEPARTMENT;<br>OFFICER MONTOYA (#6798), an individual;<br>DAVID NISLEIT, an individual;<br>And DOES 1-25, inclusive<br><br>　　　　　　Defendants. | Case No.: 3:19-cv-0082-BEN-BLM<br><br>**ORDER GRANTING IN PART DEFENDANTS CITY OF SAN DIEGO'S, SAN DIEGO POLICE DEPARTMENT'S, OFFICER MONTOYA'S, AND DAVID NISLEIT'S MOTION TO DISMISS [Doc. 6]** |

Defendants City of San Diego, San Diego Police Department, Officer Montoya, and David Nisleit move to dismiss Plaintiff Devonte Franco's Complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' Motion is **GRANTED IN PART AND DENIED IN PART**.

## I.　　BACKGROUND[1]

Plaintiff alleges that, on November 8, 2017, he entered a laundromat to wash his clothes. Officers from the San Diego Police Department ("SDPD") arrived at the laundromat and arrested another individual there. When SDPD officers searched the

---

[1] On a motion to dismiss, the Court accepts as true the factual allegations set forth in the Complaint and reasonably construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

1

laundromat, they found a gun in the back room. Officer Montoya then handcuffed Plaintiff in connection with the gun and transported him to the police station. At the police station, two unidentified SDPD officers told Plaintiff they knew he was not connected with the gun but that they did not have permission to release him.

SDPD charged Plaintiff with violation of Penal Code § 25400(c)(6). The next day, Plaintiff posted bail and was released from jail. Plaintiff brought his Complaint on January 19, 2019, alleging nine claims:

- Count 1 – False Arrest against Officer Montoya (42 U.S.C. § 1983)
- Count 2 – Excessive Force against Officer Montoya (42 U.S.C. § 1983)
- Count 3 – False Imprisonment against Officer Montoya (42 U.S.C. § 1983)
- Count 4 – Failure to Properly Screen and Hire against City, SDPD, and Nisleit (42 U.S.C. § 1983)
- Count 5 – Failure to Properly Train against City, SDPD, and Nisleit
- Count 6 – Failure to Properly Supervise and Discipline against City, SDPD, and Nisleit
- Count 7 – *Monell* Violation against City, SDPD, and Nisleit (42 U.S.C. § 1983)
- Count 8 – Intentional Infliction of Emotional Distress against City, SDPD, and Officer Montoya
- Count 9 – Violation of Civil Code § 52.1 against City, SDPD, and Officer Montoya

## II. DISCUSSION

On a motion to dismiss under Rule 12(b)(6), the Court must accept the Complaint's allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). To avoid dismissal, Plaintiff's Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Defendants move to dismiss two parties from this action, SDPD and David Nisleit, and move to dismiss all of Plaintiff's claims, except Count 1. Accordingly, the Court turns to the parties and claims for which Defendants seeks dismissal.

**A. San Diego Police Department**

SDPD argues each of the claims brought against it must be dismissed because SDPD is not a proper defendant. Plaintiff does not oppose SDPD's dismissal. *See* Doc. 7 at 4.

First, as to Plaintiff's four § 1983 claims, SDPD is not a "person" under § 1983. *See, e.g., Chadwick v. San Diego Police Dept.*, 2010 WL 883839, at *6 (S.D. Cal. Mar. 8, 2010) ("As a preliminary matter, a municipal police or law enforcement department is not a 'person' subject to suit under § 1983."). Second, as to Plaintiff's state law claims, SDPD is an improper defendant because it is a municipal department of the City of San Diego. *See, e.g., McKee v. Los Angeles Interagency Metro. Police Apprehension Crime Task Force*, 36 Cal. Rptr. 3d 47, 50 (Cal. Ct. App. 2005) (police department was not a separate entity and the absence of an agreement to create a legally separate entity precluded a plaintiff from suing municipal departments and sub-units, including police departments). Accordingly, SDPD is **DISMISSED**.

### B. David Nisleit

Plaintiff brings Counts 4, 5, 6, and 7 under § 1983 against Defendant Nisleit for his failure to properly screen and hire, failure to properly train, failure to properly supervise and discipline, and for a *Monell* claim. Nisleit contends he should be dismissed because Plaintiff fails to state a claim against him by failing to allege *any* factual allegations against him. The Court agrees.

First, as to Plaintiff's claims against Nisleit in his "individual capacity," Plaintiff fails to plead any individual conduct by Nisleit and thus, fails to state a claim against him. Put another way, the Complaint lacks any allegations showing Nisleit took any affirmative actions harming Plaintiff, participated in another's action, or failed to act in some way. *See, e.g., Faye v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979) (affirming district court's finding that no liability could be shown on § 1983 claim because plaintiff did not allege the individually-named defendant "personally participated" in the misconduct). Further, even to the extent Plaintiff contends Nisleit is liable for his subordinates' misconduct, Plaintiff does not state a claim against Nisleit: supervisory officials "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 672, 676 (2009) (citing *Monell v. Dep't of Social Services of New York*, 436 U.S. 658, 691 (1978)).

Second, even assuming Plaintiff intended to bring claims against Nisleit in his "official capacity," the claims fail because such suits are "to be treated as a suit against the *entity*." *Enriquez v. City of Fresno*, 2010 WL 2490969, at *5 (E.D. Cal. June 16, 2010) (emphasis added) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (internal quotation marks omitted)). "It is not a suit against the official personally, for the real party in interest is the entity." *Id.* Plaintiff does not offer any response or opposition to Nisleit's arguments. Accordingly, because Plaintiff fails to state any claim against Nisleit, either in his official or individual capacities, Nisleit is **DISMISSED** from this action.

### C. Excessive Force (Count 2)

A § 1983 claim for excessive use of force during an arrest is analyzed under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395-99 (1989). "Under the Fourth Amendment, officers must use such force as is 'objectively reasonable' under the circumstances." *Ross v. City of Ontario*, 66 F. App'x. 93, 95 (9th Cir. 2003). To determine whether the force used is "objectively reasonable," the Court balances "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 397.

Here, the only arguable force pled in Plaintiff's Complaint is that of Officer Montoya handcuffing Plaintiff during the arrest. Of course, the right to make an arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396. Thus, the mere use of handcuffs to carry out an arrest cannot support a claim of excessive force. *See, e.g., Goday v. Brock*, 2014 WL 4666938, at *6 (S.D. Cal. Sept. 18, 2014) ("To the extent that Plaintiff predicates his excessive force claim solely on allegations that Officer Steadmon lacked probable cause to make an arrest [which included handcuffing him], the excessive force claim is subsumed within the unlawful arrest claim and fails as a matter of law."); *see also Bashir v. Rockdale Cnty., Ga.*, 445 F.3d 1323, 1332 (11th Cir. 2006) (claim that deputies used excessive force in arrest because they lacked the right to make the arrest is not a discrete excessive force claim); *Jackson v.*

*Saulis*, 206 F.3d 1156, 1171 (11th Cir. 2000) (same). Plaintiff again offers no counter-argument or response. Therefore, because Plaintiff does not plead facts showing force besides his unlawful arrest, the claim is **DISMISSED**.

### D. False Imprisonment (Count 3)

Officer Montoya moves to dismiss, or in the alternative, strike Count 3 for false imprisonment under § 1983 because it "is duplicative of [Plaintiff's] first cause of action for false arrest [under § 1983]." Doc. 6-1 at 18. Officer Montoya is correct that "false arrest and false imprisonment are not separate torts." *White v. City of Laguna Beach*, 679 F. Supp. 2d 1143, 1158 (C.D. Cal. 2010) (quoting *Asgari v. City of Los Angeles*, 63 Cal. Rptr. 2d 842, 846 (Cal. 1997)); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter."). Rather, "'[f]alse arrest' is but one way of committing a 'false imprisonment.'" *Id.* Officer Montoya does not, however, provide any authority to show that alternative claims must be dismissed or stricken. Likewise, the Court has not located any such authority. Accordingly, the Court rejects Officer Montoya's motion on that ground.

Nonetheless, the Court turns to whether Plaintiff states a claim upon which relief can be granted for both his false imprisonment and false arrest claims. As already noted, "false arrest and false imprisonment overlap." *Id.* The Court "thus refer[s] to the two torts together as false imprisonment." *Id.* A false imprisonment claim requires three elements: "(1) the non-consensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Lyons v. Fire Ins. Exchange*, 74 Cal. Rptr. 3d 649, 655 (Cal. Ct. App. 2008). Here, Plaintiff pleads each of the three elements: that Officer Montoya both (1) arrested him and imprisoned him (2) without any probable cause (3) for approximately one year. Accordingly, Plaintiff has plausibly alleged claims for false arrest and false imprisonment. The motion to dismiss is **DENIED** as to Count 3.

**E. Section 1983 Claims Against City of San Diego (Counts 4, 5, 6, and 7)**

Defendant City of San Diego ("the City") moves to dismiss each of Plaintiff's § 1983 claims against it: Counts 4, 5, 6, and 7 for failure to properly screen and hire, failure to properly train, failure to properly supervise and discipline, and for a *Monell* violation. The Court addresses each claim, in turn.[2]

Section 1983 provides a cause of action against any 'person' who, under color of law, deprives any other person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Monell v. Dep't of Soc. Serv. of N.Y.*, 436 U.S. 658, 694 (1978). Although a municipality qualifies as a "person" under § 1983, a municipality cannot "be held liable under § 1983 on a *respondeat superior* theory."[3] *Id.* at 691. Rather, "[l]iability may attach to a municipality only where the municipality itself causes the constitutional violation through 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official capacity.'" *Ulrich v. City and Cnty. of San Francisco*, 308 F.3d 968, 984 (9th Cir. 2002) (quoting *Monell*, 436 U.S. at 694)). As the Ninth Circuit recently cautioned, "[w]here a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 603 (9th Cir. 2019).

As pled in Plaintiff's Complaint, the City is a public entity. Doc. 7 at ¶ 7. Thus, to hold the City liable under § 1983, Plaintiff must show: (1) he possessed a constitutional

---

[2] In testing the claims, the Court considers only those facts pled in Plaintiff's Complaint. The handful of facts that Plaintiff raises in his opposition brief, which are not pled in his Complaint, are not considered. *See, e.g.,* Doc. 7 at 6-7 (relying upon numerous unpled facts tied to, for example, a "gang-unit policy" to be "tougher in these areas, at the expense of citizens" and that "Montoya was never disciplined for making such a ridiculous arrest"). Moreover, the Court notes that, even if the Court did consider those few unpled facts, Plaintiff still would not have stated a claim.

[3] For that reason, Plaintiff's allegations about Officer Montoya's actions do not provide a basis for the City's liability under § 1983.

6

3:18-cv-2908-BEN-NLS

right of which he was deprived; (2) the City had a policy; (3) the City's policy amounts to deliberate indifference to Plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). Plaintiff may show the City's policy or custom by any of three methods: (1) by showing a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity"; (2) "by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of the decision"; or (3) "by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate." *Ulrich*, 308 F.3d at 984-85.

"Allegations of *Monell* liability will be sufficient for the purposes of Rule 12(b)(6) where they: (1) identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and (4) reflect how the policy/custom amounted to deliberate indifference, i.e. show how the alleged deficiency was obvious and that the constitutional injury was likely to occur." *Lucas v. City of Visalia*, 2010 WL 1444667, at *4 (E.D. Cal. Apr. 12, 2010). The City contends that Plaintiff fails to state a claim as to each of his § 1983 claims because he does not plead any sort of specific policy or custom. Instead, Plaintiff's claims are premised only on facts about his arrest. The Court agrees.

As to Count 4, Plaintiff alleges only that the City failed to properly screen and hire Officer Montoya and police officers. Doc. 1 at ¶¶ 44, 46. First, as already discussed, the City cannot be held liable for the officers' actions under a *respondeat superior* theory. Thus, "[t]o prevent municipal liability for a hiring decision from collapsing into *respondeat superior* liability, a court must carefully test the link between the policymaker's inadequate decision and the particular injury alleged." *Board of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 410 (1997). Besides Plaintiff's boilerplate allegations of inadequate "screening and hiring practices," Plaintiff does not plead any additional facts to support his

claim, much less any "link between the policymaker's inadequate decision and the particular injury alleged." *Id.*

As to Count 5, Plaintiff alleges that the City failed to train or supervise its police officers about arrestees' constitutional rights or excess force. Doc. 1 at ¶ 51. Again, Plaintiff pleads no more than conclusory and vague allegations devoid of factual content. Such barebones pleadings do not satisfy Rule 12(b)(6). *See Flores v. Cnty. of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014) ("Under this standard, [the plaintiff] must allege facts to show that [the defendant] disregarded the known or obvious consequence that a particular omission in their training program would cause municipal employees to violate citizens' constitutional rights.") (quoting *Connick v. Thompson*, 131 S.Ct. 1350, 1358 (2011) (internal quotation marks omitted)). Should Plaintiff choose to file an amended complaint, Plaintiff would do well to heed our § 1983 jurisprudence about the requirements for such claims. *See, e.g., Merrit v. Cnty. of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989) (identifying the three elements for a failure to train or supervise claim under § 1983).

Similarly, as to Count 6 for failure to properly supervise and discipline police officers, Plaintiff relies only upon a single incident to support his claim—Officer Montoya's arrest of Plaintiff. The Complaint lacks any allegations of prior similar incidents in which the City allegedly failed to discipline police officers or Officer Montoya. Again, such conclusory allegations do not state a claim under § 1983. *See, e.g., Schulte v. City of Los Angeles*, 361 Fed. App'x. 748 (9th Cir. 2010) ("Even if such evidence were sufficient to demonstrate that [the officer] did not receive proper training, evidence of a single officer's training is insufficient to create a genuine issue of fact as to the *Monell* liability of a municipality) (citing *Alexander v. City and Cnty. of San Francisco*, 29 F.3d 1355, 1368 (9th Cir. 1994)).

Finally, as to Count 7 for the *Monell* violation, Plaintiff alleges the City had a policy "with respect to arresting and charging citizens on the basis of unlawful profiling," as well as a "custom, policy, or practice within the meaning of *Monell*, of using excessive force, falsely arresting, and imprisoning citizens who object to unlawful profiling, harassment,

and discriminatory actions by San Diego Police Officers." Doc. 1 at ¶¶ 65, 66. These conclusory allegations are not enough to state a *Monell* claim. Although Plaintiff does identify various challenged policies, he again fails to plead specific facts supporting those alleged policies, how they cause Plaintiff harm, and how the policies amounted to deliberate indifference. *See supra, Lucas*, 2010 WL 1444667, at *4. For the previous reasons, Plaintiff's § 1983 claims against the City (Counts 4, 5, 6, and 7) are **DISMISSED**.

### F. Intentional Infliction of Emotional Distress (Count 8)

An intentional infliction of emotional distress ("IIED") claim requires: (1) extreme and outrageous conduct by the defendant with the intent of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered extreme emotional distress; and (3) actual and proximate causation. *Hughes v. Pair*, 95 Cal. Rptr. 3d 636, 650-51 (Cal. 2009). Defendants the City and Officer Montoya move to dismiss Plaintiff's IIED claim for failure to state a claim, arguing that Plaintiff does not plausibly allege the requisite "outrageous conduct." The Court disagrees.

For purposes of an IIED claim, "[a] defendant's conduct is outrageous when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* at 1151. Construing Plaintiff's allegations in the light most favorable to him, Plaintiff's allegations are sufficient to show "outrageous conduct." Plaintiff pleads that he was doing his laundry at a laundromat when police officers arrived, searched the backroom of the laundromat, happened to find a gun in that backroom, and then arrested Plaintiff for possessing that gun under Penal Code § 25400(c)(6)(A)-(B),[4] despite Plaintiff denying any knowledge of the gun's existence. As a result of the officers' actions, Plaintiff was arrested

---

[4] Section 25400(c)(6)(A)-(B) provides for the crime of "[c]arrying a concealed firearm" where "[t]he pistol, revolver, or other firearm capable of being concealed upon the person is loaded, or both it and the unexpended ammunition capable of being discharged from it are in the immediate possession of the person or readily accessible to that person" and "[t]he person is not listed with the Department of Justice . . . as the registered owner."

and imprisoned, lost the job he had held for nearly seven years, and had to pay bail, despite never being charged. Doc. 7 at 8. In addition, Plaintiff pleads that the officers took these actions without *any* evidence to connect him to the gun found in the laundromat's backroom. At the pleading stage, such conduct plausibly rises to the level of outrageous conduct "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Hughes*, 95 Cal. Rtpr. 3d at 651.

Defendants' reliance on *Johnson v. United States*, 734 Fed. App'x. 436 (9th Cir. 2018), does not require a different result. First, as an unpublished opinion, *Johnson* is not binding on this Court. Further, it is easily distinguished from the case brought by Plaintiff. In *Johnson*, the plaintiff alleged that in the course of arresting him, several deputies knowingly allowed him to suffer, willfully delayed taking him into custody to prolong his suffering, and failed to intervene allowing others to cause Plaintiff to suffer. *Johnson v. United States*, 2014 WL 2632359, at *7 (N.D. Cal. June 12, 2014). The Ninth Circuit affirmed the district court's dismissal of the plaintiff's IIED claim, explaining that such "routine actions by officers conducting an arrest and booking are not conduct that is 'so extreme as to exceed all bounds of decency in a civilized community.'" *Id.* at 439-440 (quoting *So v. Shin*, 151 Cal. Rptr. 3d 257, 271 (Cal. Ct. App. 2013)). Here, in contrast to *Johnson*, Plaintiff has pled more than the "routine actions" taken during an arrest; he has pled facts showing that officers arrested him for nothing more than the seeming coincidence that a firearm was located in the backroom of a business he happened to be patronizing, all without any evidence of any wrongdoing by Plaintiff. Defendants' motion to dismiss the IIED claim is **DENIED**.[5]

---

[5] Defendants' additionally move to strike Plaintiff's prayer for punitive damages in paragraph 71 of the IIED claim. By its very nature, however, Plaintiff's IIED claim seems to support a basis for punitive damages by alleging that Officer Montoya *intentionally* inflicted emotional distress upon Plaintiff in the form of "outrageous conduct." Regardless, because Plaintiff alleges that Officer Montoya's conduct supporting the IIED claim "amounts to oppression, fraud or malice," his allegation is sufficient to support punitive

**G. Bane Act Violation (Count 9)**

The Bane Act prohibits interference or attempted interference with a person's rights under federal or California law by "threats, intimidation, or coercion with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of the state." Cal. Civ. Code. § 52.1(a). Plaintiff predicates his Bane Act violation claim against the City and Officer Montoya upon the use of excessive force in violation of the First and Fourth Amendments. Doc. 1. at ¶¶ 74, 76.

Although Plaintiff's Complaint pleads facts that establish his unlawful arrest, those allegations alone are not enough to support a Bane Act violation. *See, e.g., Shoyoye v. Cnty. of Los Angeles*, 137 Cal. Rptr. 3d 839, 849 (Cal. Ct. App. 2012) ("[W]e conclude that where coercion is inherent in the constitutional violation alleged, i.e., an overdetention in County jail, the statutory requirement of 'threats, intimidation, or coercion' is not met. The statute requires a showing of coercion *independent from* the coercion inherent in the wrongful detention itself.") (emphasis added). Moreover, Plaintiff does not plead any facts suggesting a First Amendment violation or the use of excessive force in violation of the Fourth Amendment. Nor does Plaintiff offer any counter-argument to support his Bane Act claim. Thus, because Plaintiff's Complaint lacks facts establishing the "threats, intimidation, or coercion" required for a Bane Act violation, Count 9 is **DISMISSED**.

### III. CONCLUSION

For the previous reasons, Defendants' Motion to Dismiss is **GRANTED IN PART**. Specifically, the Court **DISMISSES with prejudice** Defendant San Diego Police

---

damages. *See, e.g., Stewart v. Allied Interstate*, 2005 WL 8173382, at *3 (S.D. Cal. Nov. 14, 2005) (explaining that the Federal Rules of Civil Procedure govern the Court's determination regarding the adequacy of the pleadings, and thus, despite the fact that California law provides the substantive law for punitive damages tied to a state law claim, at the pleading stage, the Federal Rules govern and hold that "a plaintiff's prayer for relief may rest on unsupported and conclusory averments of malice or fraudulent intent").

Department, and the Court **DISMISSES without prejudice** Defendant David Nisleit and Counts 2, 4, 5, 6, 7, and 9.  Plaintiff may file an amended complaint within **7 days** of the filed date of this Order.  If Plaintiff does not file an amended complaint, the remaining defendants, Officer Montoya and the City, shall file their answers within **21 days** of the filed date of this Order.

**IT IS SO ORDERED.**

Dated: November 18, 2019

_____
**HON. ROGER T. BENITEZ**
United States District Judge